UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 AUG 24 PM 1:58

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

LYNN SHULMAN,

    Plaintiff,

v.                                      Case # 8:18cv 2118 T 36 AAS

KEYPOINT GOVERNMENT
SOLUTIONS, INC., and
RELIASTAR LIFE INSURANCE
COMPANY,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, LYNN SHULMAN, sues the Defendants, RELIASTAR LIFE INSURANCE COMPANY (RELIASTAR) and KEYPOINT GOVERNMENT SOLUTIONS, INC. (KEYPOINT), and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. Defendant, RELIASTAR, is an insurance company headquartered in Minnesota, with a current mailing address on file with the Florida Secretary of State, which is currently registered as a Foreign Profit Corporation with the Secretary of State of Florida, and which actively does business in this District.

4. KEYPOINT is a Delaware Corporation that engages in business throughout the United States from offices based in Colorado.

5. The death benefits at issue in this action relate to decedent Stephen Shulman,[1] an employee of KEYPOINT working in in this District in Florida, who resided in Dade City, Pasco County, Florida before his death.

6. Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this District, because RELIASTAR conducts business within this District.

### Governing Plan and ERISA Standard of Review

7. Stephen Shulman was at all relevant times a participant in each of the welfare plans, funds, programs, or arrangements described herein.

8. LYNN SHULMAN is and/or was the beneficiary of a welfare benefit plan providing accidental death benefits sponsored by KEYPOINT (the Plan) described herein.

9. KEYPOINT funded its Plan by purchasing a group insurance policy #66632-7GAT issued by RELIASTAR.

10. A copy of a document titled *YOUR GROUP LIFE INSURANCE PLAN* that was distributed by KEYPOINT is attached hereto as Exhibit A and is incorporated by reference.

11. The *GROUP LIFE INSURANCE PLAN* is a welfare benefit plan subject to ERISA which provided two benefits: "Basic Life" and "Supplemental Life."

12. RELIASTAR and KEYPOINT use Exhibit A as one of the Plan documents.

13. By its terms, at least one other document – a group insurance policy – exists which would also be a plan document, but which was not produced to LYNN SHULMAN before this action was filed. *See* Exhibit A at 4 (paginated "1" in the bottom margin of the document).

---

[1] In the interest of clarity, decedent, Stephen Shulman, will be referenced by first and last name in proper capital and lowercase letters. Beneficiary and plaintiff to this action, LYNN SHULMAN, will be referenced by full name and in all capital letters.

2

14. No other plan document(s) exists other than Exhibit A and the group insurance policy.

15. No originating plan document exists which instituted the KEYPOINT Life Insurance Plan.

16. No originating plan document or other document exists in which KEYPOINT reserved any discretionary authority to itself in relation to the KEYPOINT Life Insurance Plan.

17. The employees or agents of KEYPOINT and RELIASTAR did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from KEYPOINT to RELIASTAR before purchasing the group insurance policy to fund its Life Insurance Plan.

18. At the inception of its Life Insurance plan, KEYPOINT did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

19. At the time it purchased the group accident insurance policy (Exhibit A) from RELIASTAR, KEYPOINT did not have any discretionary authority which it could delegate to an insurance company.

20. No document prepared by KEYPOINT delegates any discretionary authority to RELIASTAR.

21. There is no mention of any delegation of discretion within the four corners of Exhibit A.

22. The Group Life Insurance policy does not mention discretionary being delegated to RELIASTAR.

23. RELIASTAR's claim decisions are not entitled to a discretionary or arbitrary and capricious standard of review, because of one or more of the following:

a) KEYPOINT never had the authority to delegate discretion to RELIASTAR following the inception of its disability plan;

b) Discretionary authority is a material concept to the Group Insurance Policy that KEYPOINT never discussed with RELIASTAR;

c) The Group Insurance Policy is a contract of adhesion drafted entirely by the funding source company, RELIASTAR, which cannot inject discretion into the plan for the first time;

d) If it had power to delegate discretion, KEYPOINT did not properly delegate discretionary authority over claims decisions to RELIASTAR; or

e) To the extent the court determines that the above are not grounds for rejecting the grant of discretion, any alleged grant of discretion is i) not part of any plan document, ii) was not properly incorporated into the plan document, or iii) was a material term that was not bargained for between RELIASTAR and the plan sponsor.

24. De novo review applies to this action.

### Relevant Factual Background

25. Stephen Shulman was an investigator for KEYPOINT.

26. On July 28, 2017, Stephen Shulman died as a result of sepsis and bowel blockage.

27. Before his death, Stephen Shulman, executed a beneficiary designation form naming Lynn Shulman his beneficiary for plan benefits in the event of death.

28. Following Stephen Shulman's death, LYNN SHULMAN submitted a claim for Basic Life and Supplemental Life benefits on the form provided by KEYPOINT, which contained

an Employer Certification completed by Kristi Orton on August 28, 2017. *See* attached Exhibit B.

29. RELIASTAR was unable or refused to produce Stephen Shulman's beneficiary designation form.

30. RELIASTAR improperly denied LYNN SHULMAN benefits in the amount of $40,000.00 for Basic Life benefits and $120,000 for Supplemental Life benefits.

31. As a matter of de novo review, RELIASTAR's denial of LYNN SHULMAN's claim must be reversed.

32. LYNN SHULMAN is entitled to interest on the unpaid benefit pursuant to Florida Statute § 627.4615, titled *Interest payable on death claim payments*. Section 627.4615 applies to this action and is not preempted by ERISA by operation of 29 U.S.C. §1144(b)(2)(A), because it is a state law which regulates insurance. Section 627.4615 states:

> When a policy provides for payment of its proceeds in a lump sum upon the death of the insured, the payment must include interest, at an annual rate equal to or greater than the Moody's Corporate Bond Yield Average-Monthly Average Corporate as of the day the claim was received, from the date the insurer receives written due proof of death of the insured. If the method of calculating such index is substantially changed from the method of calculation in use on January 1, 1993, the rate must not be less than 8 percent.

33. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), LYNN SHULMAN is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, LYNN SHULMAN, asks this Court to enter judgment against the Defendant, RELIASTAR LIFE INSURANCE COMPANY, finding that:

(a) SHULMAN is entitled to accidental death benefits; and

(b) SHULMAN must be awarded benefits in the amount not paid to her—$40,000 in Basic Life benefits and $120,000 in Supplement Life benefits —together with prejudgment interest at the legal rate from the date it became due until the date it is paid; and

(c) SHULMAN must be awarded reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper.

DATED this 24th day of August, 2018.

_____
JOHN V. TUCKER, ESQUIRE
Florida Bar # 899917
tucker@tuckerludin.com
TUCKER & LUDIN, P.A.
5235 16th St. North
St. Petersburg, FL  33703
Tel.:   (727) 572-5000
Fax:   (727) 571-1415
Attorney and Trial Counsel for Plaintiff